UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SANTO CARRERO SILVA,

                             Plaintiff,

    v.                                                              9:23-CV-1406
                                                                        (BKS/ML)

STATE OF NEW YORK and MARK
DUANE LENTINI,

                             Defendants.

---

APPEARANCES:

SANTO CARRERO SILVA
Plaintiff pro se
13-A-3235
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      The Clerk has sent to the Court for review a pro se civil rights complaint filed by plaintiff Santo Carrero Silva ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl.") at 1. Plaintiff, who is in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Eastern NY Correctional Facility ("Eastern C.F."), seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 5 ("IFP

1

Application").[1]

## II. IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of plaintiff's IFP Application, the Court finds that plaintiff has demonstrated sufficient economic need and filed the inmate authorization form required in the Northern District of New York. Dkt. No. 3. Plaintiff's IFP Application (Dkt. No. 5) is granted.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from an officer or employee of a

---

[1] On November 9, 2023, this action was administratively closed due to plaintiff's failure to comply with the filing fee requirements. Dkt. No. 4. The case was reopened on November 27, 2023, upon receipt of the required filings. Dkt. Nos. 5 and 6.

[2] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* http://pacer.uspci.uscourts.gov. It does not appear from that review that plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The term "prisoner" includes pretrial detainees. 28 U.S.C. § 1915A(c) (2006).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

The Court will construe the allegations in the complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B. Summary of the Complaint

Plaintiff completed portions of a pre-printed, form complaint, but the pleading contains few factual allegations without dates and times. *See generally* Compl. Accompanying plaintiff's complaint are 53 pages of exhibits. *See* Dkt. No. 1-1. None of the exhibits

4

however, are referenced or cited in the complaint. Notwithstanding these pleading deficiencies, the Court has carefully reviewed the complaint for purposes of Sections 1915 and 1915A, mindful of the Second Circuit's instruction to extend special solicitude to pro se litigants and liberally construe their pleadings.

Plaintiff claims that, while in the care of defendant Dr. Mark Duane Lentini ("Lentini") at Albany Medical Center, plaintiff was not provided with a Spanish speaking interpreter and was "led to believe" that he would undergo a surgical procedure on "only one (1) toe." Compl. at 4. After the procedure, Lentini informed plaintiff that he had operated on four toes and that plaintiff "lost movement altogether in his foot[.]" *Id*. Plaintiff argues that "Eastern Correctional Facility does not have pain management required that the plaintiff really needs." *Id*.

Construing the complaint liberally, plaintiff asserts medical malpractice and negligence claims. Compl. at 7. Plaintiff seeks injunctive relief and monetary damages. *Id*.

## IV.   ANALYSIS

Plaintiff seeks relief pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993). In order to

maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id*.

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id*. (quoting *Iqbal*, 556 U.S. at 676).

### A. Eleventh Amendment and State of New York

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall

6

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv*., 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities). Accordingly, plaintiff's claims in this

action asserted against the State of New York are dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A as barred by the Eleventh Amendment.

B.    **State Actor and Lentini**

Two essential elements comprise a Section 1983 claim: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998) (citation omitted).

In order to sustain a cause of action under Section 1983, a plaintiff must establish that defendants acted under the color of state law. *See Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994); *see also Dennis v. Sparks*, 449 U.S. 24, 29 n. 4 (1980) (to act under color of state law, a plaintiff must allege that a private person was "a willful participant in joint activity with the State or its agents"). Conclusory allegations that a private party acted in concert with a state actor does not suffice to state a 1983 claim against a private party. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Rather, a private entity becomes a state actor when there is "such a close nexus between the state and the challenged action that the state is responsible for the specific conduct." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (citations omitted).

Courts employ three tests to determine whether private actions are attributable to the states:

> (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in the joint activity with the state, or the entity's functions are entwined with the state policies ("the joint test" or "close nexus test"); or (3) when the

8

> entity has been delegated a public function by the state ("the public function test").

*Sybalski v. Indep. Group Home Living Program Inc.*, 546 F.3d 255, 257 (2d Cir. 2008).

"[T]he provision of medical care to incarcerated prisoners is a public function, even if private physicians contract with the government to provide those services." *Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355, 365 (S.D.N.Y. 2001) (citing *West v. Atkins*, 487 U.S 42, 56 (1988)) ("It is only those physicians authorized by the State to whom the inmate may turn.").

However, "[w]th regard to doctors who treat prison inmates, the Supreme Court has held that it is 'the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State' in a suit under 42 U.S.C. § 1983." *Doe v. Torres*, No. 05 CIV. 3388, 2006 WL 290480, at *9 (S.D.N.Y. Feb. 8, 2006) (citing *West*, 487 U.S. at 55-56) ("[A] physician employed by [a state] to provide medical services to state prison inmates . . . act[s] under color of state law for purposes of § 1983 when undertaking his duties in treating [a prisoner's] injury.")).

Here, the complaint lacks facts suggesting that Lentini is a state actor for the purposes of a § 1983 action. Lentini did not treat plaintiff at Eastern C.F. and plaintiff has failed to plead a "close nexus" between Lentini and the staff at Eastern C.F. to suggest a connection to the alleged deliberate indifference to his medical care.

### C. Deliberate Medical Indifference

Even assuming plaintiff identified a proper defendant, his claims are subject to dismissal. The Eighth Amendment mandates that prison officials provide adequate medical care to inmates. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). "An Eighth

Amendment claim arising out of inadequate medical care requires a demonstration of deliberate indifference to a prisoner's serious medical needs." *Id.* (internal quotation marks omitted). A deliberate medical indifference claim has objective and subjective components. *Id*. "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). As to the subjective element, an official acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety. *See Hill*, 657 F.3d at 122 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, plaintiff has failed to allege a deliberate indifference claim. As noted above, plaintiff's complaint contains few factual allegations. Moreover, although plaintiff attached 53 exhibits to his complaint, the exhibits are not referenced anywhere in the pleading. The Court cannot be tasked with the "unjustified burden" of sifting through the exhibits to determine what claims plaintiff attempts to assert. *See Kenlock v. Orange County, New York*, No. 20-CV-3693, 2021 WL 4267309, at *3 (S.D.N.Y. Sept. 20, 2021).

While plaintiff attempts to assert claims pursuant to Section 1983, the complaint includes only vague state law causes of action for medical malpractice and negligence. The protections afforded by the Eighth Amendment do not extend to remedy harms which may be inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *see also Smith v.*

10

*Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims. . . ."); *see also Hill*, 657 F.3d at 123 ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness 'an act or failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.' ") (quoting *Chance*, 143 F.3d at 703); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("A showing of medical malpractice is . . . insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness . . . .").

In addition, as discussed above, a plaintiff must allege the personal involvement by a state actor in an alleged constitutional deprivation, including a claim of deliberate medical indifference.  Here, the complaint does not name any staff members at Eastern C.F. as defendants or allege facts suggesting staff at Eastern C.F. were personally involved in a constitutional deprivation.  The only individual the complaint identifies in connection the alleged conduct is Lentini and the complaint lacks facts suggesting Lentini is a state actor for the purposes of a Section 1983 action.  Plaintiff's claims against defendants are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint if he desires to proceed with this action.  Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by plaintiff, must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action.  The body of plaintiff's amended complaint must contain sequentially numbered paragraphs containing

only one act of misconduct per paragraph.  Thus, if plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

## V.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that, if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that, if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order and the complaint, in accordance with the Local Rules of Practice.

Dated: January 23, 2024

Brenda K. Sannes
Chief U.S. District Judge